[*Special Term, April,* 1872.]

### JOHN BOYLE *v.* JOHN BEATTIE.

A compromise of a cause was entered into by the attorneys of the parties after judgment was pronounced, but of which the parties and their attorneys were ignorant. When they were apprised of the facts, the defendant refused to abide by the compromise, and was about to proceed to collect the judgment in his favor against the plaintiff. On motion for a restraining order:

*Held,* a compromise made supposing the cause to be pending, and in ignorance or mistake of the fact of judgment having been rendered, furnished no ground for interference by injunction to restrain the collection of the judgment.

*That* the attorneys of the parties had no power to negotiate away the judgment without consent of the parties themselves.

*Matthews, Ramsey & Matthews,* for plaintiff.

*I. J. Miller,* for defendant.

HAGANS, J. The case of *Beattie v. Boyle,* No. 1,668, in the General Term of this court, having been previously argued and submitted, was decided on Monday morning, April 22, 1872, by the rendition of a judgment, on a reservation of the facts, in favor of Beattie for $2,500 and interest. The parties had been negotiating for some time for the settlement of all the matters in the controversy, the result of which was deemed uncertain. Neither of them knowing that the said judgment was rendered on the 22d, and

supposing the cause still pending, the attorneys of the parties, on the morning of the 23d of April, 1872, after the judgment was rendered, agreed on a compromise, by which Boyle was on that day to pay Beattie $1,000 and the costs in settlement of the case. The attorney of the plaintiff tendered to the defendant the $1,000, and offered to pay the costs between five and six o'clock P. M. of the same day. Both parties, in the afternoon of that day, before the tender, knew of the judgment of the court by the report in the evening papers, and Beattie refused to accept the money. He was about proceeding to collect the judgment, when Boyle filed this petition, setting up substantially these facts, and praying for an injunction to restrain Beattie from further proceedings and other relief.

The application for injunction was heard by agreement upon the petition, and the answer of Beattie denying the pendency of the action as a consideration for a settlement, and the agreement to settle and affidavits. The facts, however, do not differ materially from the statements in the petition, the averments of which are put in issue by the answer, except that it appears if Beattie had known of the judgment he would not have agreed to the settlement.

This is not a case for the interposition of the court by injunction. The proceeding is, in fact and effect, a bill for the specific performance of the alleged agreement to settle a controversy. But the controversy said to be settled was not pending, but had gone into judgment when the opinion of the court was delivered; and though it is right to encourage the settlement of controversies, even after judgment, by the receipt of a less sum than has been awarded, the legal effect thereof as a satisfaction might be questioned. But I prefer to put the refusal to allow the injunction upon the ground that both parties to the agreement were, at the time of making it, confessedly in ignorance, or, which is substantially the same thing, in mistake, with respect to the matters about which they were contracting. The material fact was that the judgment was

rendered in the cause which they supposed they were compromising. Such a mistake would avoid the contract both at law and in equity. Frey on Spec. Perf. 308, sec. 497.

Besides, after judgment, the attorneys have no control over it to negotiate it away without consent. It belongs to the parties wholly.

The defendant may amend his answer and ask for a rescission of the agreement, and an entry may be made overruling the motion for a restraining order.

Judges Yaple and O'Connor, who heard the application with me, concur.